## Lawrence Estate.

*Decedents estates—Wills—Contests—Costs—Assessment.*

The expenses incident to the granting of letters of administration pendente lite and the commissions of that administrator are not properly assessable against the losing party in a will contest. The appointment of the administrator was for the benefit and preservation of the estate, and the costs thereof should not be included as one of the items to be taxed against the losing litigant.

Premiums on appeal bonds paid by the successful appellant in such contest are not properly assessed as costs.

Stenographic expenses, incident to the hearing before the Register on the caveat, are not assessable as costs, where it was agreed by counsel that a stenographer should be employed, and the expenses should be borne equally by the parties.

Argued November 16, 1926.  Appeal No. 239 October
T., 1926, by Mordecai Lawrence, from judgment of O.
C. Delaware County, September T., 1924, No. 78, on
exceptions to taxation of costs in the Estate of J.
Lewis Lawrence, Deceased.  Before PORTER, P. J.,
HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ.  Affirmed.

Exceptions to taxation of costs.  Before HANNUM,
P. J.
The facts are stated in the opinion of the Superior
Court.
The Court dismissed the exceptions.  Exceptant
appealed.

*Erorr assigned* was the decree of the Court.

*Leo Belmont,* and with him *Francis Shunk Brown*
and *Wm. C. Alexander,* for appellant.—Winton's Ap-
peal, 87 Pa. 77; Whitney v. Jersey Shore, 266 Pa.
537; Koppenhaffer v. Isaacs, 7 Watts 170; Gray v.
The Turnpike Co., 27 Montg. Co. 93.

*Lewis Lawrence Smith,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:
When the will of J. Lewis Lawrence, made in Sep-
tember, 1922, was presented to the Register of Wills
of Delaware County in January, 1924, for probate, a
caveat was filed by his nieces and nephews.  A number
of hearings were held before the Register resulting in
a decree sustaining the caveat, which decree, upon ap-
peal to the Orphans' Court, was affirmed on April 6,
1925.  In the meantime, namely, on December 29, 1924,
an administrator pendente lite was appointed by the
Register with leave of the Orphans' Court.  On an ap-
peal taken by Mordecai Lawrence, legatee and pro-
ponent, to the Supreme Court from the decree of the

Orphans' Court, refusing to direct probate or to award an issue, that court, in an opinion filed March 15, 1926, reversed the decree of the Orphans' Court and the record was remitted ''with directions that the will be admitted to probate, at cost of appellee [appellees]'': Lawrence's Estate, 286 Pa. 58, 72. On April 14, 1926, Mordecai Lawrence, the successful appellant in that appeal, filed his bill of costs in the Orphans' Court of Delaware County in the sum of $1,816.64. Exceptions thereto were filed by the appellees directed to pay the costs and the bill was taxed by the Register. At the hearing before the Register items aggregating $838.86 were agreed to as proper items to be paid by the nieces and nephews who contested the will. Three additional items were claimed by the proponent and disputed by them: (a) the costs incident to the granting of letters pendente lite and the commissions of that administrator, aggregating $820.88; (b) premiums paid by proponent on surety bonds incident to the appeals to the Orphans' Court and the Supreme Court, $30; (c) one-half of the stenographer's charges for copies of the testimony taken before the Register on the hearings on the caveat, $102.25. The Register included items (b) and (c) in his taxation of the costs and rejected item (a), thereby making the amount of the bill of costs as taxed by him $971.11. The proponent then excepted to the exclusion of item (a) and the contestants to the inclusion of items (b) and (c). In disposing of these exceptions the learned president judge of the Orphans' Court declined to include any of the disputed items and taxed the costs at the above mentioned aggregate of the undisputed items, namely, $838.86. From the disposition thus made of the exceptions we have this appeal by the proponent who claims that he is legally entitled to receive all the disputed items from the contestants. His assignments of error relate, respectively, to the three disputed items. ''At

common law no final costs were recoverable by either plaintiff or defendant. The right to them depends, therefore, entirely upon statute'': Steele v. Lineberger et al., 72 Pa. 239, 240. With respect to item (a)—costs of the pendente lite administration of the estate—it is to be noted that under section four of the Fiduciaries Act of June 7, 1917, P. L. 447, 459, ''The register of wills having jurisdiction may, when the circumstances of the case require, grant to any fit person or persons letters of administration ...... pendente lite, security to be entered as in other cases of administration.'' This authorization is subject of course to the regulation found in section eighteen of the Register of Wills Act of June 7, 1917, P. L. 415, 424, to the effect that no letters of administration pendente lite shall be granted by the Register after the removal to the Orphans' Court of the record pertaining to a will contest except by leave of that court. Our attention has not been directed to any provisions in these acts or in any other statute expressly authorizing the inclusion of the costs of such administration in the bill of costs chargeable to the parties who fail in an attempt to prevent the probate of the will. It is true as a general proposition that the costs of a will contest are to be borne by the parties who litigate for their individual interests and not for the benefit of the estate. Here the will was to be admitted to probate at the cost of the appellees (the contestants) but we find no statute authorizing the costs of the administration pendente lite, which was for the benefit and preservation of the estate, to be included as one of the items to be taxed against them. We are therefore of opinion that the court below was right in declining to include item (a) as a part of the costs and the first assignment is overruled.

Appellant is not able to point to any statute authorizing the inclusion of item (b) for premiums paid by

**520** LAWRENCE ESTATE.

him on appeal bonds in the bill of costs to be taxed against the contestants. It required the Act of June 24, 1895, P. L. 248, to justify persons acting in a trust capacity and required by law to give bonds in including as a part of the expenses of the administration of the trust the premiums paid on their bonds: Clark's Estate, 195 Pa. 520. The assignment of error relating to this item is accordingly overruled. Turning next to item (c) in the sum of $102.25 for certain stenographic expenses incident to the hearing before the Register on the caveat, we understand from the statements made at the oral argument and in appellees' brief that it was agreed by counsel that a stenographer should be employed and that the expense should be borne equally. In the taxation of the costs by the Register he said with respect to this item "There was objection to the charge for copies of testimony $204.50, and after hearing the parties in interest, the Register decided that as each was to share in paying the cost of taking testimony, that one-half is hereby taxable." There is no indication in this record that the stenographer who furnished the copies of testimony in question was an official stenographer under the provisions of the Act of May 1, 1907, P. L. 135. The court below excluded this item upon the ground that there is no act of assembly making stenographic charges for the taking of testimony and furnishing copies thereof in a proceeding before the Register of Wills on a caveat a part of the costs of the hearing. We are of opinion that there was no error in so holding and the remaining assignment of error is also overruled.

The decree is affirmed.